**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **RANGING OPTICS LLC,** | |
| Plaintiff, | |
| v. | Case No. 6:20-cv-01103-ADA |
| **BASS PRO GROUP, LLC; CABELA'S LLC, and CABELA'S WHOLESALE L.L.C.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**</u>

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................... 2

III.    LEGAL STANDARD ............................................................................................ 3

IV.     RANGING OPTICS FAILS TO STATE A CLAIM FOR DIRECT
        INFRINGEMENT ................................................................................................. 7

V.      RANGING OPTICS FAILS TO STATE A CLAIM FOR INDIRECT
        INFRINGEMENT ............................................................................................... 12

        A.  RANGING OPTICS FAILS TO PLEAD FACTS SUPPORTING AN
            INFERENCE OF INDUCED INFRINGEMENT. ..................................... 12

        B.  RANGING OPTICS FAILS TO PLEAD FACTS SUPPORTING AN
            INFERENCE OF CONTRIBUTORY INFRINGEMENT. ........................ 14

        C.  RANGING OPTICS FAILS TO ALLEGE PRE-SUIT KNOWLEDGE .................. 15

VI.     RANGING OPTICS FAILS TO STATE A CLAIM FOR WILLFUL
        INFRINGEMENT ............................................................................................... 16

VII.    CONCLUSION .................................................................................................... 20

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ......................................................................4, 13

*Aguirre v. Powerchute Sports, LLC*,
No. SA–10–CV–702–XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011).............................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................3, 4, 5

*Corydoras Techs., LLC v. Apple Inc.*,
No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)............................16

*DSU Med. Corp. v. JMS Co., Ltd.*,
477 F.3d 1293 (Fed. Cir. 2006).......................................................................5, 6, 13

*Global-Tech. Appliances, Inc. v. SEB S.A.*,
563 U.S. 760 (2011)...........................................................................................6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..............................................................................5

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ......................5

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...........................................................12

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).................................16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)..........................................................................................13

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009)...............................................................................5

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................................5

**Rules**

Fed.R.Civ.P. 8(a)(1) .....................................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 20

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Bass Pro Group, LLC, Cabela's LLC, and Cabela's Wholesale L.L.C. (collectively "Defendants") move to dismiss Plaintiff Ranging Optics LLC's ("Ranging Optics") claims of direct infringement, indirect infringement, and willful infringement for failure to state a claim.

## I.      INTRODUCTION

Ranging Optics's Complaint against Defendants fails to satisfy Rule 8's minimum pleading requirements for three independent reasons.  First, the Complaint fails to identify sufficient facts to set forth a plausible claim of direct infringement of the Asserted Patents at least because Ranging Optics fails to set forth any facts showing that each and every limitation of at least one claim for each patent is satisfied and fails to provide sufficient notice to Defendants.  Therefore, the Court should dismiss Ranging Optics's direct infringement claims for failure to state a claim.

Second, the Complaint fails to identify any facts that Defendants indirectly infringe.  This Court has made clear that simply stating an accused infringer encourages use of the accused products, which is more than Ranging Optics alleges in this case, is insufficient to state a claim for induced infringement.  Moreover, simply stating a claim for direct infringement is not sufficient to plead contributory infringement. Additionally, Ranging Optics broadly seeks a judgment against Defendants for indirect infringement occurring prior to Defendants receiving service of the Complaint.  But Ranging Optics fails to allege any facts that Defendants had notice of the Asserted Patents prior to service of the Complaint.  Accordingly, the Court should dismiss Ranging Optics's indirect infringement claims for failure to state a claim.

Third, the Complaint fails to identify any facts showing that Defendants willfully infringe the Asserted Patents.  Indeed, Ranging Optics does not allege any pre-suit knowledge of the patents and further fails to allege any facts that could show this is an "egregious" infringement case. Thus,

the Court should likewise dismiss Ranging Optics's willful infringement claims for failure to state a claim.

## II.    STATEMENT OF FACTS

Ranging Optics filed this action against Defendants, alleging direct and indirect infringement of United States Patent Nos. 6,512,574 (the "'574 Patent") and 7,443,927 (the "'927 Patent") (collectively the "Asserted Patents"). In support of its infringement claims, Ranging Optics alleges Defendants "infringe the Asserted Patents by implementing, without authorization, Ranging Optic's proprietary technologies in a number of its laser range finder products including, inter alia, Defendants' Intensity 1600 Rangefinder ('Accused Products')." Doc. 1 at 1, ¶ 2. Ranging Optics asserts that claim 7 and claim 1 of the '574 Patent and '927 Patent, respectively, are infringed. Doc. 1 at 7 ¶ 30; 19 ¶ 36.

The extent of Ranging Optics's induced infringement allegations are as follows:

> Defendants have infringed and continues to infringe, and at least as early as the filing and/or service of this Complaint, has induced and continues to induce infringement of, and has contributed to and continues to contribute to infringement of, at least one or more claims of each of Ranging Optics's Asserted Patents at least by making, using, selling, and/or offering to sell its products and services in the United States, including in this District.

Doc. 1 at 2, ¶ 5.

> Defendants have infringed and are infringing, either literally or under the doctrine of equivalents, the '574 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Products.

Doc. 1 at 7, ¶ 29.

> Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '927 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, or selling in the United States, and/or importing into the

2

United States without authority or license the Accused Product.

Doc. 1 at 18, ¶ 35; *see also id.* at 26 (setting forth Ranging Optics's Prayer for Relief "request[ing]" judgment of indirect infringement). Ranging Optics does not include any allegations regarding Defendants' notice or knowledge of the Asserted Patents. For example, Plaintiff does not allege Defendants had knowledge of any Asserted Patent before this lawsuit was filed. *See generally id.* Nor does Ranging Optics allege Defendants engage in any inducement or even simply "encouraging" customers to use products. *See generally id.* Moreover, the '574 Patent "was filed on February 12, 2001" and expired no later than February 12, 2021. *See id.* at 4 ¶ 16; 35 U.S.C. § 154(a)(2) ("Subject to the payment of fees under this title, such grant shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States . . . ."). Yet, Ranging Optics broadly seeks a judgment against Defendants for indirect infringement of the Asserted Patents occurring prior to and after Defendants receiving service of the complaint and willful infringement of the Asserted Patents. Doc. 1 at 26 ("request[ing]: A That Judgment be entered that Defendant has infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents; B. An award of damages sufficient to compensate Ranging Optics for Defendants' infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendants' willful infringement[.]")

## III.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must

3

plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015).

To state a claim for direct infringement, a plaintiff must plead sufficient factual grounds for the Court to make a plausible inference that the accused products meet all limitations of at least one claim of the patent-in-suit. *Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claim for direct infringement of method patent where complaint failed to allege that the defendant performed "every step of the method"); *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *4 (E.D. Tex. Jun. 28, 2016) (holding that because the plaintiff failed to plausibly allege one element of a patent claim, its "direct infringement pleadings [were] constructed upon a fatally flawed foundation."); *see also See Chapterhouse LLC v. Shopify, Inc*., 2:18-CV-00300-JRG, 2018 WL 6981828, *2 (E.D. Tex. Dec. 11, 2018); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. CV 15-1720, 2017 WL 568781, at *5 (E.D. La. Feb. 13, 2017) ("Unless plaintiffs allege that *every element or limitation* of at least one claim is found in an accused product, it will always be plausible that the accused product merely resembles or shares similarities with, but does not

infringe, their claim.") (emphasis added); *TeleSign Corp. v. Twilio, Inc.*, Case No. 16-2106, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit [the] court to infer that the accused product infringes *each element* of at least one claim.") (emphasis added). Further, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted).

"Claims for indirect infringement, including induced . . . infringement, must be judged by the pleading standards articulated in *Twombly* and *Iqbal*." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citations omitted). Specifically, induced infringement under 35 U.S.C. § 271(b) requires: (1) a third-party directly infringed; (2) the alleged inducer knew of the patent and, nevertheless; (3) knowingly induced the infringing acts with a specific intent to encourage infringement by the third-party. *See*, *e.g.*, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *DSU Med. Corp. v. JMS Co., Ltd.*, 477 F.3d 1293, 1304 (Fed. Cir. 2006) ("The requirement that the alleged infringer knew or should have known his actions would induce infringement necessarily includes the requirement that he or she knew of the patent."). "There must be some showing by the Plaintiff of the accused infringer's 'taking of **affirmative steps** to bring about the desired result [of infringement].'" *Iron Oak Techs.*, 2017 WL 9477677, at *4 (quoting *Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011)) (emphasis added).

At a minimum, the Supreme Court has stated that indirect infringement requires knowledge by the alleged indirect infringer of the patent-in-suit and the direct infringement of that patent.

*Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 760 (2011).  Knowledge of the patent is necessary but not alone sufficient; "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp.*, 477 F.3d at 1306.

"A party is liable for contributory infringement if it (1) 'offers to sell or sells a component of a patented machine ... or a material or apparatus for use in practicing a patented process' that (2) constitutes 'a material part of the invention,' if (3) the party knows the material or apparatus 'to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Iron Oak Techs., LLC v. Dell, Inc.*, 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting 35 U.S.C. § 271(c)); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) ("In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." (citation and internal quotation marks omitted)). A substantial noninfringing use is any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita–Mix Corp. v. Basic Holdings, Inc.,* 581 F.3d 1317, 1327–29 (Fed. Cir. 2009). "For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement . . . [w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading,* 681 F.3d at 1338.

Willful patent infringement is reserved for "egregious infringement behavior," which is

typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.  To adequately state a claim for willful infringement, Ranging Optics must allege that Defendants "'(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).  A claim for willful infringement must also "contain sufficient articulation of the relevant facts." *Id.*

## IV.    RANGING OPTICS FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT

Ranging Optics does not plead facts sufficient to support an inference of direct infringement with respect to the Asserted Patents.  "[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 8727249, *1 (E.D. Tex. Sept. 22, 2017) (citing 35 U.S.C. § 271(a)). In particular, the plaintiff must "lay out sufficient factual allegations" to "allege how the [accused products] meet the text of the exemplary claim." *See Chapterhouse LLC v. Shopify, Inc.*, 2:18-CV-00300-JRG, 2018 WL 6981828, *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement claim where complaint broke down an exemplary claim to its elements and referred to corresponding screenshots of accused products but did not include factual allegations laying out how they met the text of the claim); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) ("[S]imply reciting some of the elements of a representative claim and then describing generally

how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient."); *Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."); *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) (dismissing a direct infringement claim where the plaintiff did little more than "identif[ying] the allegedly infringing products and parrot[ing] the language of a direct patent infringement claim"). Further, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). As further described below, for both the '574 and '927 Patents, Ranging Optics fails to plausibly allege that the Accused Products meet at least one element in each of the two respective asserted claims in the Asserted Patents and fails to place Defendants on notice of what activity is being accused of literal infringement.  Moreover, Ranging Optics fails to offer anything beyond one conclusory sentence per count to support its allegation of direct infringement under the doctrine of equivalents. Therefore, the Court should dismiss Ranging Optics's direct infringement claims against Defendants.

First, Ranging Optics fails to plausibly allege the Accused Products meet each and every element of at least one claim of the '574 Patent.  Indeed, with respect to claim 7 of the '574 Patent—the only claim in the '574 Patent for which Ranging Optics even attempts to offer any mapping—Ranging Optics does not sufficiently allege that each and every element is satisfied. For example, the Complaint alleges that element 7(e) in the '574 Patent recites:

> a one-shot circuit connected with the main amplifier for shaping the output voltage signal from the main amplifier into a digital signal by which the range-finding

computation is attained by the laser range finder.

Doc. 1 at 11. However, Ranging Optics fails to identify or provide any notice to Defendants as to what if anything in the Accused Products satisfies the "one-shot circuit" limitation, let alone provide any facts as to how such limitation is satisfied.  Indeed, rather than identify the necessary one-shot circuit element, Ranging Optics instead states in conclusory fashion that, "Defendants make, use, sell, and/or offer to sell a device or system that includes a one-shot circuit which includes a comparator."  Ranging Optics provides no facts or allegations to support this bare conclusion.  *See generally id.* at 11-12.  Moreover, beyond identifying "a comparator" that Ranging admits is not alone a "one-shot circuit," as being part of a one-shot circuit—again, without offering any factual allegations to support such assertion—Ranging Optics does not identify any other portion of whatever it is alleging satisfies the "one-shot circuit" element.  *See generally id.* In fact, the Complaint does not mention a "one-shot circuit" again. *See generally id.*  Relatedly, because the Complaint does not even attempt to identify the one-shot circuit, it likewise does not (and cannot) attempt to explain how, what, and/or where said unidentified one-shot circuit is "connected with the main amplifier."[1]  Thus, Ranging Optics fails to state a plausible claim for direct infringement of claim 7 of the '574 Patent at least because it fails to provide sufficient factual support to make a plausible showing that the Accused Products satisfy at least element 7(e).  *See, e.g.*, *Midwest Athletics and Sports All. LLC v. Xerox Corp.*, 8:17CV478, 2018 WL 1400426, at *4 (D. Neb. Mar. 20, 2018).

Second, Ranging Optics fails to plausibly allege that the Accused Products meet each and every element of at least one claim of the '927 Patent.  Plaintiff only specifically asserts claim 1 of the '927 Patent.  As with the '574 Patent, Ranging Optics again fails to show at least one

---

[1] The Complaint does not allege that the comparator is connected to the "main amplifier," nor offer any facts sufficient to make such plausible. *See generally id.*

element—here element 1(b)—is plausibly infringed by the Accused Products.  As a threshold matter, the Complaint fails to even correctly recite element 1(b) of the '927 Patent. *Compare* Doc. 1 at 20 ("**1(b): receiving data at a data communication system operating on a node at an edge of a network a signal translator converting differential data signals into a single data signal**")(emphasis in original) *with* '927 Patent at 4:2-3 ("a signal translator converting differential data signals into a single data signal").  In addition to misstating element 1(b), Ranging Optics merely offers a conclusory sentence with no factual support—again misstating element 1(b) only this time in a different way. *See* Doc. 1 at 20 ("Defendants make, use, sell, and/or offer to sell a device or system that includes a signal translator (e.g., comparator) operable to convert differential data signals into a signal data signal.").  The Complaint offers no explanation nor facts necessary to support a plausible infringement claim. *See Apollo Fin.*, 190 F. Supp. 3d at 942 ("[a] court need not accept as true conclusory legal allegations cast in the form of factual allegations." (alteration in original)).

Even ignoring Plaintiff's lack of any factual support and accepting the conclusory statement that a comparator may be "operable to convert differential data signals into a signal [sic] data signal," Plaintiff (1) fails to identify the comparator in the accused products, (2) fails to identify any differential data signals, and (3) fails to allege and identify how/where the comparator converts differential data signals into a single data signal.  While the Complaint includes two excerpts and a hyperlink on the following page, Ranging Optics did not include any accompanying explanation in the Complaint. Doc. 1 at 22.  These do not resolve Plaintiff's blatant omissions, but rather make the infringement even less plausible. For example, the excerpts show a comparator with a traditional single (non-differential) signal in (i.e., data and ground) and single out (i.e., data and ground). Doc. 1 at 22.  This is not differential signaling, which as the '927 Patent shows in

Figures 3 and 4, has <u>two</u> input data signals and grounds (e.g., Data+ and ground, Data- and ground) that are converted to <u>one</u> output data signal and ground (e.g., data and ground). *See* '927 Patent, FIGs. 3 and 4.  Thus, Ranging Optics fails to state a plausible claim for direct infringement of claim 1 of the '927 Patent at least because it fails to provide sufficient factual support to make a plausible showing that the Accused Products satisfy at least element 1(b). *See, e.g.*, *Midwest Athletics*, 2018 WL 1400426, at *4 (dismissing direct infringement claim based in part on "exterior marketing photographs and basic model names and numbers without any specifics about the allegedly infringing features or functions of the accused products beyond reciting the claim language"); *Mosaic Brands, Inc. v. The Ridge Wallet LLC*, 220CV04556ABJCX, 2020 WL 5640233, at *4 (C.D. Cal. Sept. 3, 2020) (dismissing direct infringement claim where it was "implausible" that identified portions satisfied the claim element).

Finally, as with the literal direct infringement allegations, Ranging Optics's doctrine of equivalents allegations are deficient and should be dismissed. The Complaint makes only generic allegations of infringement under the doctrine of equivalents. *See* Doc. 1 at 7 ¶ 29, 18 ¶ 35, 26. These one sentence allegations do not satisfy Ranging Optics's pleading obligations for the doctrine of equivalents, let alone rectify the deficient direct infringement claims for the Asserted Patents. *See, e.g.*, *Midwest Athletics*, 2018 WL 1400426, at *4 (stating "[Plaintiff]'s pleading deficiencies are magnified in relation to its claims that some of [Defendant]'s products may infringe its patents under the doctrine of equivalents," where the theory was "limited to one conclusory sentence repeated for each count").

Bare infringement allegations, unsupported legal conclusions, and formulaic recitations of the elements of infringement are insufficient. *See Twombly*, 550 U.S. at 555. That is what Plaintiff offers here. Therefore, the Court should dismiss Ranging Optics's direct infringement claims

against Defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## V.   RANGING OPTICS FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT

As set forth below, Ranging Optics fails to identify any facts, let alone sufficient facts, to support its assertion that Defendants indirectly infringe the Asserted Patents. Therefore, the Court should dismiss Ranging Optics's indirect infringement claims against Defendants for this additional reason.  Moreover, Ranging Optics does not allege Defendants had knowledge of the Asserted Patents prior to service of the Complaint.  Yet Ranging Optics seeks a judgment against Defendants for indirect infringement occurring prior to Defendants receiving service of the Complaint.  Accordingly, the Court should also dismiss the pre-suit portion of Ranging Optics's induced infringement claim for this additional reason. Furthermore, Ranging Optics fails to allege which Defendants did what, if anything, and fails to make any allegations of joint liability.  Finally, Ranging Optics fails to allege any facts to support contributory infringement, such as allegations that each of the Accused Products was not a stable article of commerce suitable for any non-infringing use nor any allegation of an accused combination. Thus, the Court should also dismiss the contributory infringement claims against the Defendants.

### A. RANGING OPTICS FAILS TO PLEAD FACTS SUPPORTING AN INFERENCE OF INDUCED INFRINGEMENT.

Ranging Optics fails to advance any facts that Defendants specifically intended to induce third parties to infringe the Asserted Patents.  "To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constitute infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015).  Where a plaintiff can establish that a defendant knew certain uses constituted patent infringement, "[e]vidence of 'active steps . . . taken to encourage direct infringement,' such

as advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citations omitted). Specific intent necessarily "requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d at 1306 (*en banc* as to specific intent requirement). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst. L.L.C.*, 620 F. App'x at 935.

The extent of Ranging Optics's induced infringement allegations are set forth in three conclusory paragraphs. Doc. 1 at 2, ¶ 5; *id.* at 7, ¶ 29; *id.* at 18, ¶ 35; *see also id.* at 26 (setting forth Ranging Optics's Prayer for Relief). Ranging Optics fails to plead any facts that Defendants specifically intended to induce any third party to infringe the Asserted Patents. In particular, Ranging Optics fails to specify any "encouraging" activities Defendants engages in or how this activity actually induces any third party to use the Accused Products in a manner that would infringe the Asserted Patents as opposed to just use the Accused Products. These types of threadbare conclusions have consistently been found legally insufficient.

For example, this Court in *Parus Holdings Inc. v. LG Electronics Inc.* found language similar to Ranging Optics's insufficient to state a claim for indirect infringement. Civil Action 6:19-cv-432-ADA (W.D. Tex. July 22, 2019). In *Parus*, plaintiff alleged that defendant induced infringement by "instructing and encouraging its customers, purchasers, users, and developers to use the [Asserted] Patent[s] methods and technology." Civil Action 6:19-cv-432-ADA, Mot. to Dismiss, Doc. 53 at 8 (filed Dec. 19, 2019). The Court found this insufficient and granted

defendant's motion to dismiss.  Doc. 107 at 46-48 (Jan. 31, 2020 Hr'g. Tr.) (filed Feb. 19, 2020); text order, Civil Action 6:19-cv-432-ADA (filed Feb. 20, 2020).  Similarly, in *Affinity Labs of Texas, LLC v. Toyota Motor North America, Inc.*, the court dismissed plaintiff's induced infringement claim where "[t]he complaint generally allege[d] that [defendant] induced its customers to purchase its vehicles, but fail[ed] to allege how [defendant] induced its customers to use the vehicles in a manner that would violate the Asserted Patents."  2014 WL 2892285, at \*7 (W.D. Tex. May 12, 2014).  Here, Ranging Optics's bare allegation that "Defendants . . . has induced and continues to induce infringement of" one or both of the Asserted Patent is insufficient to state a claim for induced infringement, and the claims should be dismissed.

### B. RANGING OPTICS FAILS TO PLEAD FACTS SUPPORTING AN INFERENCE OF CONTRIBUTORY INFRINGEMENT.

Ranging Optics fails to allege that the Accused Products are a component of a directly infringing machine, manufacture, combination, or composition, constituting a material part of an invention, has no substantial non-infringing uses, and is known to the Defendants "to be especially made or especially adapted for use in an infringement" of the Asserted Patents, let alone any facts to support an inference that such is true. *See In re Bill of Lading*, 681 F.3d at 1337.  After proving an act of direct infringement by a third party, "A party is liable for contributory infringement if it (1) 'offers to sell or sells a component of a patented machine ... or a material or apparatus for use in practicing a patented process" that (2) constitutes "a material part of the invention,' if (3) the party knows the material or apparatus 'to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Iron Oak Techs.*, 2018 WL 1631396, at \*2 (quoting 35 U.S.C. § 271(c)); *see also Cross Med. Prods.*, 424 F.3d at 1312.

Ranging Optics fails to even make a "threadbare recital" of the elements for a contributory

infringement claim, including (1) any act of direct infringement by an identified third party, (2) that Defendants offers to sell or sells a component of a patented machine that (3) is/are a material part of the invention, (4) knowing the component is not a stable article of commerce capable of substantial non-infringing uses, let alone identify facts to plausibly support such allegations. Instead, Ranging Optics alleges that the Accused Products satisfy the limitations of the asserted claims before their incorporation into any combination—i.e., not contributory infringement.  *See Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, CV 20-51-RGA, 2021 WL 65071, at *11 (D. Del. Jan. 7, 2021).  Moreover, even if Ranging Optics had identified direct infringement of others and identified an accused product *as a component* in that infringement, "simply because a third-party uses a product in an infringing way is not contributory infringement; rather the accused products must be especially made for use in a combination that infringes." *Id.* (internal quotation marks omitted); *In re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").  Accordingly, for this additional reason, the Court should dismiss Ranging Optics's contributory infringement claim, which lacks even conclusory allegations of the necessary legal elements, let alone the factual allegations to plausibly support such legal elements.

### C.  RANGING OPTICS FAILS TO ALLEGE PRE-SUIT KNOWLEDGE

In addition, Ranging Optics fails to even allege Defendants had pre-suit knowledge of the Asserted Patents, and as such, the Court should dismiss Ranging Optics's indirect infringement claims.  "Absence of knowledge is a fatal flaw in a claim for indirect patent infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, *5 (W.D. Tex. Aug. 4, 2011); *Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 713 (Fed. Cir. 2018)(unpublished) ("To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the

accused infringer knew of the asserted patents . . ." (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S.Ct. 1920, 1926 (2015))).

Here, Ranging Optics provides no allegations that Defendants had knowledge of the Asserted Patents prior to receiving the Complaint. *See* Doc. 1 at 1-26. Nonetheless, Ranging Optics broadly seeks a judgment against Defendants for alleged induced and contributory infringement occurring prior to Defendants receiving service of the complaint. Doc. 1 at 7, 18; *id* at 28 ("request[ing]: A. That Judgment be entered that Defendant has infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents"). This Court, as well as other courts in the circuit, have dismissed pre-suit induced infringement claims where, as here, the Complaint fails to sufficiently allege defendant's pre-suit notice of the asserted patents. *See, e.g.*, *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing pre-suit portion of plaintiff's indirect claim where complaint failed to sufficiently allege pre-suit knowledge); *Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2–3 (E.D. Tex. Nov. 23, 2016) (same). Accordingly, for this additional reason, the Court should dismiss Ranging Optics's induced and contributory infringement claims.

## VI.    RANGING OPTICS FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

Ranging Optics's willful patent infringement claim is facially deficient because it fails to allege facts that Defendants had pre-suit knowledge of the Asserted Patents. Additionally, Ranging Optics fails to explain why (or even allege that) Defendants' conduct has been egregious. To the extent Ranging Optics intends to allege that the basis for egregious conduct is Defendants' "continu[ing to] infringe", that is insufficient at the pleading stage to maintain a claim of willful infringement for either Asserted Patent. Moreover, with the '574 Patent expiring on February 12,

16

2021, Ranging Optics has not and cannot articulate how this roughly two-month period could amount to an "egregious" case of infringement.  Therefore, the Court should dismiss Ranging Optics's willful infringement allegations.

First, Ranging Optics's Complaint fails to allege any facts "raising a reasonable inference of pre-suit knowledge of the [Asserted Patents.]"  *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-CV-7652-LY, 2018 WL 7324886, at *3 (W.D. Tex., Dec. 10, 2018) (granting motion to dismiss willful infringement allegations).  Nowhere in the Complaint does Ranging Optics allege that Defendants knew of the Asserted Patents before the Complaint was filed or served.  Neither did Ranging Optics plead continued knowledge of the Asserted Patents, nor could it do so with this being the original complaint. Nonetheless, Plaintiff includes willful infringement in its "prayer for relief."

Even if Ranging Optics had pled willfulness on post-filing awareness of the Asserted Patents, as the Court found in *Inhale, Inc. v. Gravitron*, allegations that a defendant "continues to have actual and constructive notice of the [Asserted Patents] and chose to infringe with full knowledge" are insufficient to state a claim for willful infringement.  2018 WL 7324886, at *3; *see also Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-00026-DC, 2019 WL 3818049, at *2 (W.D. Tex., June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents").[2]  As explained by the Delaware court, "the complaint itself cannot serve as the basis for a defendant's actionable knowledge.  The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."  *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019

---

[2] While this Court ultimately denied defendants' motion to dismiss in *Frac Shack Inc.*, the "unique facts" in that case are not present here, such as (1) an extensive history of patent litigation between the parties concerning the same technology and allegedly infringing device, and (2) allegations that patent counsel was monitoring actions of the opposing parties.  *Frac Shack Inc.*, 2019 WL 3818049, at *2.

WL 1349468, at *2 (D. Del. Mar. 26, 2019).

Additionally, even if (1) Ranging Optics had pled any awareness of the Asserted Patents *and* (2) simple awareness of the Asserted Patents based solely on notice of an original complaint for patent infringement were sufficient to satisfy the knowledge requirement, Ranging Optics's willfulness allegations are still deficient.  After the Supreme Court's *Halo* decision, courts have required a complaint to plead facts sufficient to demonstrate "egregious" conduct to sustain a willful infringement claim at the pleading stage.  *See Meetrix IP, LLC v. Cisco Systems, Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3-4 (W.D. Tex., Nov. 30, 2018) (granting motion to dismiss willful infringement claims where "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *see also Finjan, Inc. v. Cisco Sys. Inc.,* No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *4 (N.D. Cal Apr. 2, 2019) (dismissing willfulness claim based only on alleged pre-suit knowledge and "continued infringement" and noting that "[n]othing in the complaint provides specific factual allegations about [the alleged infringer]'s subjective intent or details about the nature of [the alleged infringer]'s conduct to render a claim of willfulness plausible, and not merely possible"); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) (dismissing willful infringement allegations based on "Defendant's post-suit manufacturing and sales as the exclusive evidence of Defendant's willful infringement").

In *Meetrix IP v. Cisco*, for example, Meetrix made conclusory allegations that "Cisco knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit in a deliberate act of bad-faith."  2018 WL 8261315, at *3.  The court dismissed these allegations stating such a "threadbare recital of the elements of willful infringement, supported by mere

conclusory statements, does not suffice." *Id*. (quoting *Iqbal*, 556 U.S. at 678; *Jenkins v. LogicMark, LLC*, No. 3:16-cv-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) (dismissing willful infringement claim that made "naked accusations devoid of any details to warrant their plausibility")). Importantly, the Court noted that "whether post-suit conduct alone is sufficient to sustain a willfulness claim," need not be decided because the failure to allege "any facts raising a plausible inference of the egregious behavior required under *Halo*" is dispositive. *Id.* at *3 n.2.

Similarly, in *Finjan v. Cisco,* Finjan made conclusory assertions that "[d]espite knowledge of Finjan's patent portfolio, Defendant has sold and continues to sell the accused products and services." 2017 WL 2462423, at *5. The court dismissed Finjan's willful infringement claims, explaining that "simply ma[king] conclusory allegations of knowledge and infringement" is "not enough to plausibly allege egregiousness." *Id.* (internal quotes and brackets omitted). Because the complaint included "no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious,'" the court granted the motion to dismiss with respect to the willfulness claim. *Id.*

Ranging Optics's willfulness allegations are more deficient than those brought in *Meetrix IP* and *Finjan*. Specifically, Ranging Optics alleges nothing regarding knowledge of the Asserted Patents beyond its request for "an enhancement of damages on account of Defendants' willful infringement." (Doc. 1 at 26 ¶ B.) Ranging Optics's Complaint fails to include "specific factual allegations about [Defendants]'s subjective intent, or any other aspects of [Defendants]'s behavior that would suggest its behavior was 'egregious.'" *See Finjan,* 2017 WL 2462423, at *5; *Meetrix IP, LLC*, 2018 WL 8261315, at *3. Further, Ranging Optics does not claim that it provided pre-suit notice that Defendants may be infringing that patent. Moreover, the asserted '574 Patent

expired on February 12, 2021, and such a short (roughly two month) period of time cannot amount to an "egregious" case of infringement of the patent. *See, e.g.*, *Princeton Digital Image Corp. v. Ubisoft Ent. SA*, CV 13-335-LPS-CJB, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016), *report and recommendation adopted,* CV 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ("And even if one were to assume that the original Complaint *did* sufficiently put [Defendant] on notice of its indirect infringement, the [Third Amended Complaint] does not sufficiently articulate how [Defendant's] actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent."). There is nothing egregious about being sued for patent infringement and not immediately stopping the allegedly infringing activities.  If this alone constituted egregious behavior, then willful infringement allegations could properly be asserted in every patent infringement case.  Just like the plaintiffs in *Meetrix IP* and *Finjan*, Plaintiff's conclusory statements of Defendants' "knowledge" and "continued infringement" are insufficient and "not enough to plausibly allege egregiousness."  *Finjan, Inc.,* 2017 WL 2462423, at *5; *Meetrix IP, LLC*, 2018 WL 8261315, at *3; *see also Hypermedia Navigation*, 2019 WL 1455336, at *4; *see also Slot Speaker Techs., Inc.*, 2017 WL 4354999, at *2.

Thus, the Court should also dismiss Ranging Optics's claims of willful infringement for failing to plead facts plausibly supporting that Defendants had knowledge of the Asserted Patents and that Defendants' behavior was "egregious."

## VII.   CONCLUSION

For at least the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's complaint against Defendants under Fed. R. Civ. P. 12(b)(6).

Dated: February 16, 2021

Respectfully submitted,

By: /s/ *Patrick A. Lujin*
Patrick A. Lujin (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: 816-474-6550
Fax: 816-421-5547
plujin@shb.com

Sharon A. Israel (Texas Bar No. 00789394)
Tanya L. Chaney (Texas Bar No. 24036375)
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 3400
Houston TX 77002
Phone: 713-546-5689
Fax: 713-227-9508
sisrael@shb.com
tchaney@shb.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 16, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Patrick A. Lujin*
Patrick A. Lujin

21